Harry Nelson, State Bar NO. 219269
hnelson@fentonnelson.com
Aaron Lachant, State Bar No. 264468
aaron@fentonnelson.com
FENTON NELSON LLP
11835 W. Olympic Boulevard, 9th Floor
Los Angeles, CA  90064
Telephone:  310-444-5244
Facsimile:  310-444-5280

Attorneys for AUGUSTINE CONDUAH, M.D.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AUGUSTINE CONDUAH, M.D., an individual,,<br><br>Plaintiff,<br><br>vs.<br><br>KATHLEEN SEBELIUS, SECRETARY, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>Defendants. | CASE NO. C 14-0664 MMM-Ex<br><br>**COMPLAINT FOR JUDICIAL REVIEW OF MEDICARE OVERPAYMENT DETERMINATION** |

**COMPLAINT**

Plaintiff, Augustine Conduah, M.D., by and through his counsel, files this Complaint for judicial review against Defendant, Kathleen Sebelius, in her official capacity as Secretary of the United States Department of Health and Human Services, in his appeal of the Medicare Appeals Council decision related to an extrapolated overpayment.  The ALJ Appeal Number is 1-519889311.  The Medicare Appeals Council Docket Number is M-11-393.

**JURISDICTION AND VENUE**

1.      This action arises under Title XVIII of the Social Security Act, 42 U.S.C. §1395 et seq., and the Administrative Procedure Act, 5 U.S.C. §§551 et seq.

1

2.     This court has jurisdiction over the subject matter of this action pursuant to U.S.C. §§ 405(g) and 1395ff(b).

3.     Plaintiff has exhausted all avenues of administrative relief.  By letter dated November 29, 2013, Plaintiff received notification of the Defendant's final agency decision in which the Medicare Appeals Council ("MAC") affirmed the Administrative Law Judge ("ALJ") decision dated September 30, 2010 and advised Plaintiff of the right to seek judicial review of the ALJ decision, which stands as the final decision of the Secretary.  A true and correct copy of the November 29, 2013 letter from the MAC is attached hereto as Exhibit A and is incorporated by reference herein.

4.     The amount in controversy is more than $1,350.

5.     Venue is proper in the Central District of California, as Plaintiff and his principal place of business were located in Los Angeles County at all times relevant to this action.

**THE PARTIES**

6.     Augustine Conduah, M.D. ("Dr. Conduah") is an individual licensed to practice medicine in the State of California.  At all times herein, Dr. Conduah was enrolled as a provider of services in the Medicare program and Plaintiff rendered the services at issue in Los Angeles, California.

7.     The Defendant, Kathleen Sebelius is the Secretary of the United States Department of Health and Human Services ("HHS").  HHS is the federal agency charged with overseeing the operation of the Medicare program.  42 U.S.C. §1395, et seq. (the "Medicare Act").

**THE MEDICARE PROGRAM**

8.     The Medicare Program consists of four major components: A, B, C, and D. Only Parts A and B pertain to this case.   Part A pays primarily for covered in-patient hospital and related health care services. See 42 U.S.C. §§ 1395c, et seq.,

FENTON
NELSON LLP

-2-

**COMPLAINT FOR JUDICIAL REVIEW OF MEDICARE OVERPAYMENT DETERMINATION**

and 1395x(b), 42 C.F.R., Part 409.   Part B is a voluntary program that supplements and extends the benefits provided by the Part A program, and is financed by funds appropriated by the federal government and by premium payments made by beneficiaries.  See 42 U.S.C. §§ 1395k, 1395j, and 1395x(s), 42 C.F.R. § 410.3.

9.      Within HHS, the Secretary has delegated administration of the Medicare program to the Centers for Medicare & Medicaid Services ("CMS").  In administering Part B, CMS acts though private fiscal agents called contractors.  See 42 U.S.C. § 1395u; 42 C.F.R. Part 421, Subparts A and C; 42 C.F.R. § 421.5(b). Contractors are entities that, under contract with the Secretary, perform a variety of functions including making coverage determinations, determining reimbursement rates and allowable payments, and rejecting or adjusting payment request.

10.     Claims for physician services are processed and reimbursed by designated regional contractors called Medicare Administrative Contractors.  See 42 U.S.C. § 1395kk-1; and 42 C.F.R. 421, Subpart E.

11.     The contractors involved are National Heritage Insurance Company, Inc. ("NHIC") and First Coast Service Options, Inc.

## STATEMENT OF FACTS

12.     Plaintiff seeks judicial review of an extrapolated overpayment assessed with regard to the Plaintiff's claims for various medical and diagnostic services furnished to Medicare beneficiaries from May 1, 2005 through January 31, 2006. Plaintiff submitted assigned claims to NHIC and NHIC initially allowed payment for the services billed at the Medicare Fee Schedule Amount.

13.     In or around early 2006, NHIC's Post-Payment Medical Review Department conducted a post-payment audit of the claims at issue.  Because the large volume of claims involved, a random selection of 23 beneficiaries representing 202 claims was drawn from the universe of claims for review.  NHIC concluded that all (or 100%) of the Medicare Part B payments that the Plaintiff

1   received totally $36,481.34 were inappropriate and were considered to be an

2   overpayment.  Using a statistical sampling procedure, the overpayment amount was

3   extrapolated to the entire universe of claims paid to the Plaintiff during the time

4   period at issue.  As a result of the review and extrapolation, NHIC issued a Notice

5   of Medical Review Results dated June 29, 2006, which assessed an overpayment

6   against Plaintiff in the amount of $497,425.00.

7        14.    On December 26, 2006, Plaintiff requested redetermination of NHIC's

8   overpayment assessment decision.  On January 28, 2008, NHIC issued a partially

9   favorable decision that upheld a portion of NHIC's original overpayment decision.

10  In recalculating the extrapolated overpayment amount, NHIC determined that the

11  claims for one of the beneficiaries at issue should not have been included in the

12  post-payment review.  NHIC also determined some of the claims for the remaining

13  beneficiaries would be reversed or partially reversed.  Based on its partially

14  favorable decision, on February 5, 2008, NHIC reduced the amount of the

15  extrapolated overpayment from $497,425.00 to $461,258.00.

16       15.    On August 4, 2008, Plaintiff requested reconsideration from a

17  Qualified Independent Contractor ("QIC").  The QIC issued an unfavorable

18  reconsideration decision in this matter on October 3, 2008, which upheld the

19  decision of NHIC, including the extrapolated overpayment amount.

20       16.    On November 12, 2009, the Plaintiff requested Administrative Law

21  Judge review of the QIC's decision.   After due notice was given, an in-person

22  hearing before an ALJ was held on March 1, 2010, at the Office of Medicare

23  Hearings and Appeals in Irvine, California.  On September 30, 2010, the ALJ found

24  that the Plaintiff was overpaid by Medicare and that recoupment of the

25  overpayment would not be waived.

26       17.    On or around November 23, 2010, Plaintiff appealed to the Medicare

27  Appeals Council.  Before the Council, the Plaintiffs sole argument was that he

28

FENTON
NELSON LLP

-4-

**COMPLAINT FOR JUDICIAL REVIEW OF MEDICARE OVERPAYMENT DETERMINATION**

should not be held responsible for repayment of the overpayment because he was the victim of fraud and abuse perpetrated by the physician assistant who was employed by the clinic for which Plaintiff worked.  In other words, the Plaintiff argued that recoupment of the Medicare overpayment should be waived because Plaintiff was "without fault" in incurring the overpayment, within the meaning of section 1870 of the Social Security Act. On or around November 29, 2013, the MAC issued a decision finding the ALJ did not err in finding Plaintiff was overpaid with regard to the Medicare claims at issue and that recoupment of the overpayment should not be waived.  Accordingly, the ALJ's decision stands as the final decision of the Defendant.

## COUNT I

18.     Plaintiff realleges paragraphs 1 through 17 as if fully stated herein.

19.     In upholding the ALJ's decision that Plaintiff was overpaid with regard to the overpayment at issue and that recoupment of the overpayment should not be waived, the Defendant has wrongfully upheld an overpayment against Plaintiff.  The ALJ's decision is based on a clear error of judgment and is not based on substantial evidence in the record.  The ALJ and MAC have outright refused to grant a waiver of recoupment despite clear evidence that Plaintiff is the victim of conduct by a physician assistant, who was employed by the clinic for which Dr. Conduah worked.

20.     In upholding the overpayment, the Defendant has made Plaintiff liable for an extrapolated overpayment that he is not at fault for causing.

21.     Defendant has acted arbitrarily, capriciously, and contrary to law and the agency's own procedures, rules, and regulations, in violation of 5 U.S.C. section 702, 706(2)(A)(C)(D).

FENTON
NELSON LLP

1      WHEREFORE, Plaintiff respectfully requests that the Court

2      1.     Exercise jurisdiction over this matter

3      2.     Find that Defendant has acted arbitrarily, capriciously, and contrary to

4  law and the agency's own procedures, rules, and regulations;

5      3.     Reverse or set aside the final decision of the Defendant; and

6      4.     Grant such relief as the Court may deem just and proper under the law,

7  including reasonable attorneys' fees, litigation expenses, and costs.  .

8  DATED: January 28, 2014     FENTON NELSON LLP

9

10      By _____

11          AARON LACHANT
           Attorneys for AUGUSTINE CONDUAH, M.D.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENTON
NELSON LLP

COMPLAINT FOR JUDICIAL REVIEW OF MEDICARE OVERPAYMENT DETERMINATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Margaret M. Morrow_____ and the assigned Magistrate Judge is _____Charles F. Eick_____ .

The case number on all documents filed with the Court should read as follows:

## 2:14-cv-00664 MMM-Ex

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____January 28, 2014_____
Date

By  SBOURGEOIS_____
Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| [x] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

**ORIGINAL**

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| AUGUSTINE CONDUAH, M.D., an individual | ) ) ) ) ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. |
| KATHLEEN SEBELIUS, SECRETARY, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES | ) **CV14-0664** MMM -Ex ) ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   KATHLEEN SEBELIUS
United States Department of Health and Human Services
200 Independence Ave. SW
Washington DC 20201

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:    JAN 2 8 2014



*Signature of Clerk or Deputy Clerk*

1184

COPY

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| AUGUSTINE CONDUAH, M.D., an individual | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| KATHLEEN SEBELIUS, SECRETARY, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

Civil Action No.

CV14-0664 MMM-Ex

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   KATHLEEN SEBELIUS
United States Department of Health and Human Services
200 Independence Ave. SW
Washington DC 20201

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

JAN 2 8 2014

Date: _____

SHE BOURGEOIS

*Signature of Clerk or Deputy Clerk*

1184



UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Augustine Conduah, M.D.,

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Kathleen Sebelius, Secretary, United States Department of Health and Human Services

**(b) County of Residence of First Listed Plaintiff** Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant**
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

FENTON NELSON, LLP, 11835 W. Olympic Blvd., Suite 900
Los Angeles, CA 90064

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 2. U.S. Government Defendant
☐ 3. Federal Question (U.S. Government Not a Party)
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. section 1395ff, Complaint for Review of Medicare Overpayment Determination

**VII. NATURE OF SUIT** (Place an X in one box only).

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/Etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Org.
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Info. Act
☐ 896 Arbitration
☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☒ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.)
☐ 153 Recovery of Overpayment of Vet. Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment

**REAL PROPERTY CONT.**
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpratice
☐ 365 Personal Injury-Product Liability
☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 445 American with Disabilities-Employment
☐ 446 American with Disabilities-Other
☐ 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405 (g))
☐ 864 SSID Title XVI
☐ 865 RSI (405 (g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number:

CV14-0664

CV-71 (11/13)

CIVIL COVER SHEET

Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles | Western |
| If "no," go to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
|  | ☐ Orange | Southern |
|  | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
|  | **A PLAINTIFF?** Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?** Then check the box below for the county in which the majority of PLAINTIFFS reside. |  |
| ☒ Yes  ☐ No | ☐ Los Angeles | ☒ Los Angeles | Western |
| If "no," go to Question C.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
|  | ☐ Orange | ☐ Orange | Southern |
|  | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
|  | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true?  If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true?  If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D,  below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____   DATE: 1/28/14

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

CV-71 (11/13)                                   CIVIL COVER SHEET                                   Page 3 of 3